Louis H. Pink, Superintendent of Insurance of the State of New York, as Liquidator of Bond and Mortgage Guarantee Company, Plaintiff, *v.* Morris Ginsberg et al., Defendants.

Supreme Court, Special Term, New York County, June 4, 1942.

*William A. Shea (F. J. Melioris* of counsel), for plaintiff.

*Ira L. Rosenson* for Lenrose Homes, Inc., and Morris Ginsberg, defendants.

Schmuck, J. The plaintiff, as liquidator of Bond and Mortgage Guarantee Company, urges subdivision 6 of rule 109 of the Rules of Civil Practice as the reason for this motion to strike out the answer of defendant Lenrose Homes, Inc., as insufficient in law.

In performance of his duty the plaintiff has instituted this action to foreclose a mortgage on property situate at Madison avenue and 60th street, Manhattan, because of the failure of the owner in possession or the mortgagor to pay the interest due. This the mortgagor seeks to resist on the ground that because of conservation order No. L-41 of the War Production Board, the property has been deprived of its income producing character and made incapable for the purpose for which it was intended, namely, the erection of a multiple dwelling appropriate to the locality. Because of this unforeseen and unavoidable nonproductivity, the mortgagor contends that payment of interest should be suspended. In support of its proposal to

defer payment of interest so long as taxes are paid, it is contended that an act of law has intervened to defeat the transaction whereby and wherein the mortgage was concerned. Attention is directed to certain authorities, particularly *Adler* v. *Miles* (69 Misc. Rep. 601) and *Mawhinney* v. *Millbrook Woolen Mills, Inc.* (105 Misc. Rep. 99), as conclusively favoring the suspension of the mortgage obligation. With this argument the court cannot agree and holds that the principle of the authorities adverted to has no application to the matter under consideration.

Conceding that the lamentable situation in which the mortgagor finds itself is not of its own creation or dereliction and that no effort however sincere can alter the condition, it nevertheless finds a court of equity powerless to relieve it of its express promise, for the order of the War Production Board does not render performance impossible. It merely necessitates an additional expense or investment. If lack of income is justification for extirpation of express promise to pay, then a bond and mortgage will degenerate from a positive into a chimerical asset.

Since it does not lie within the broad powers of the Chancellor to relieve from every economical misfortune, the answer herein for reasons hereinbefore expressed must be stricken out as legally inadequate.

Motion granted. No costs. Settle order.